UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE HERNANDEZ,

    Petitioner,

v.                                            Case No. 8:09-cv-1968-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Hernandez petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his twelve state convictions for armed robberies and numerous other felonies, for which he serves eighty years.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 12)  The respondent correctly argues that the petition is time-barred.  Hernandez filed no reply.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Hernandez's conviction was final on March 13, 2003,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Hernandez let 137 days elapse before filing a state petition for the writ of habeas corpus. Tolling continued until September 25, 2003, when the petition was denied.[2] Hernandez had 228 days remaining (365 - 137 = 228). The limitation did not immediately re-commence because Hernandez filed a Rule 3.850 motion for post-conviction relief (Respondent's Exhibit B-1) before the state habeas petition concluded. Consequently, the limitation was tolled until September 14, 2007, when the mandate issued on the denial of his Rule 3.850 motion. (Respondent's Exhibit B-12) Hernandez's limitation deadline was April 30, 2008 (September 14, 2007 + 228 days = April 30, 2008).

Although on April 15, 2008, Hernandez commenced a second state Rule 3.850 motion to vacate, that proceeding afforded Hernandez no tolling because the motion was rejected as time-barred. (Respondent's Exhibit C-2) "An application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." Gorby v. McNeil, 530 F.3d 1363, 1366 (11th Cir. 2008), cert. denied ___ U.S. ___, 129 S. Ct. 1592 (2009). As a consequence, the untimely petition failed to toll the limitation. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction

---

[1] Hernandez's direct appeal concluded on December 13, 2002. (Respondent's Exhibit A-13) The conviction became final after ninety days, the time allowed for petitioning for the writ of certiorari. 28 U.S.C. § 2244(d)(1)(A). See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), and Jackson v. Sec'y Dep't Corr., 292 F.3d 1347 (11th Cir. 2002).

[2] The website for the Second District Court of Appeal confirms these dates in 2D03-3416. The respondent fails to acknowledge the existence of the proceeding.

- 2 -

petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (brackets original) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)); Sweet v. Sec'y, Dept. of Corr., 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims."). Hernandez's federal petition, signed by him on September 22, 2009, is nearly a year-and-a-half beyond the April 30, 2008, deadline.

Accordingly, Hernandez's petition for the writ of habeas corpus (Doc. 1) is **DENIED** as time-barred. The clerk shall enter a judgment against Hernandez and close this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

> This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Hernandez's petition for the writ of habeas corpus is denied as time-barred. Because jurists of reason would not fairly debate whether the district court was correct in the procedural ruling, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed in forma pauperis on appeal is **DENIED**. Hernandez must pay the full $455 appellate filing fee without installments unless the circuit court allows Hernandez to proceed in forma pauperis.

ORDERED in Tampa, Florida, on October 28, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE